IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA )
                                        )    CRIMINAL NO. 5:24CR50015-001
v.                                      )
                                        )
EDWARD BRENT WONNACOTT         )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto

acknowledge that they have entered into negotiations which have resulted in this Agreement. The

agreement of the parties is as follows:

### COUNT OF CONVICTION AND DISMISSAL

1.     The Defendant, **Edward Brent Wonnacott**, hereby agrees to plead guilty to Count

Two of the Indictment charging the Defendant with Possession of Child Pornography, in violation

of 18 U.S.C. §§ 2252A(a)(5)(B), and 2252A(b)(2). If the Court accepts this Plea Agreement, once

the Court has pronounced sentence, the United States will move to dismiss Count One of the

Indictment.

### CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

2.     The Defendant acknowledges that he has been advised and understands that he has

a right to have a United States District Judge presiding when he enters a guilty plea and that he

can exercise that right without concern or reservation. The Defendant and the United States hereby

consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure

incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after

conducting such proceedings, the Magistrate Judge recommends that the pleas of guilty be

accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of

Criminal Procedure 32. The Defendant acknowledges that his plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

3. The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty pleas in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty pleas may proceed forthwith.

## AGREEMENT REGARDING FORFEITURE

4. The Defendant, Edward Brent Wonnacott, hereby agrees to forfeit all rights, title and interest to the three (3) 480 GB Solid State External drives (SSD); Seagate 1 TB external hard drive; Toshiba 1 TB external hard drive; Apple iPhone XS Max; and 64 GB SanDisk thumb drive, labeled as TD3. The Defendant acknowledges that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

    a. The Defendant consents to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to Defendant's interests in

the properties. The Defendant agrees to immediately withdraw any claims to property seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all property seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture processes. The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property seized in connection with this case.

   b.  The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

   c.  The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

5.      The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crime to which the Defendant is pleading guilty and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.      In August of 2023, a concerned citizen reported to the Springdale, Arkansas Police Department that Edward Brent Wonnacott was in possession of child pornography. In particular, the witness reported that she looked at a thumb drive belonging to Mr. Wonnacott and observed a folder labeled "CP." She reported that inside the "CP" folder, she viewed a video of possible child sexual abuse material and took a photograph of the video then closed it without viewing the whole video or other files in the folder; she later provided to law enforcement the picture that she took of the video. The picture depicted an approximately eight (8) to ten (10) year old female, lying on her side and wearing a large t-shirt and nothing on bottom, with her naked rear end pointing toward the camera. On August 15, 2023, officers obtained a state residential search warrant issued by Circuit Judge Threet, which they then served on August 16, 2023.

b.      During the service of the residential search warrant, in a post-*Miranda* interview, officers asked Mr. Wonnacott whether they would locate child pornography, and he replied, "yes, sir," and when asked where they would find it, he informed them it would be in the third garage, provided the code to the garage, and specified where in the garage they would locate the child pornography. Officers located electronic storage devices in the place Mr. Wonnacott identified, and a subsequent review of those devices revealed numerous files meeting the federal definition of child pornography on the following devices: three (3) 480 GB solid state external drives, a Seagate 1 TB external hard drive, a Toshiba 1 TB external hard drive, an Apple iPhone

XS Max, and a 64 GB SanDisk thumb drive.

      c.     Among the images, agents located a file entitled "1_5015319429928452309.mp4" that was stored on the Toshiba 1TB external hard drive; this hard drive was manufactured outside the state of Arkansas. The one minute, eighteen second (1:18) video file depicts an approximately four (4) to seven (7) year old female being vaginally or orally penetrated by an adult penis. The sexually explicit conduct depicted in this video constitutes child pornography, as those terms are defined under Title 18, United States Code, Section 2256.

      d.     The Defendant, Edward Brent Wonnacott, stipulates and agrees the United States could prove at trial that on or about August 16, 2023, in the Western District of Arkansas, Fayetteville Division, he knowingly possessed a Toshiba brand 1TB external hard drive that contained a visual depiction of a minor engaged in sexually explicit conduct, including minors under the age of 12, all in violation of federal law.

### ADVICE OF RIGHTS

6.    The Defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

    a.     to have an attorney and if the Defendant cannot afford an attorney, to have one provided to him and paid for at the United States' expense;

    b.     to persist in his plea of not guilty;

    c.     to have a speedy and public trial by jury;

    d.     to be presumed innocent until proven guilty beyond a reasonable doubt;

    e.     to confront and examine witnesses who testify against him;

    f.     to call witnesses on his behalf;

    g.     to choose to testify or not testify and that no one could force the Defendant to testify; and,

    h.     to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

7.     The Defendant hereby acknowledges that he understands with respect to the count to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

8.     The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

9.     The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

10.     The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this Agreement and the United States shall be free to

reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the Agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

11. The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

a. admissions against interest, both oral and written, made by the Defendant to any person;
b. statements made by the Defendant during his change of plea hearing;
c. the factual basis set forth in the Plea Agreement;
d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
e. any and all physical evidence of any kind which the Defendant has provided to the United States; and,
f. any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

12. The Defendant hereby acknowledges that he has been advised of the maximum penalties for the count to which he is pleading guilty. By entering a plea of guilty to Count Two of the Indictment, the Defendant agrees that he faces:

a. a maximum term of imprisonment for 20 years;
b. a maximum fine of $250,000.00;
c. both imprisonment and fine;
d. a term of supervised release which begins after release from prison for not less than five years nor more than life;
e. a possibility of going back to prison if the Defendant violates the conditions of supervised release;
f. a special assessment of $100.00;
g. a special assessment of $5,000.00 pursuant to 18 U.S.C. § 3014 unless there is a finding of indigence by the Court;
h. a special assessment of up to $17,000.00 under 18 U.S.C. § 2259A; and
i. restitution as ordered by the Court.

## CONDITIONS OF SUPERVISED RELEASE

13.     The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court. The standard conditions of supervised release are as follows:

    a.  The Defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different timeframe.

    b.  After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.

    c.  The Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.

    d.  The Defendant shall answer truthfully the questions asked by the probation officer.

    e.  The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

    f.  The Defendant shall allow the probation officer to visit the Defendant at any time at his home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.

    g.  The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

    h.  The Defendant shall not communicate or interact with someone the Defendant

knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## DEFENDANT'S ACKNOWLEDGMENT OF
## REQUIREMENT TO REGISTER AS A SEX OFFENDER

14. I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 34, United States Code, Section 20911, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## RESTITUTION

15. The Defendant agrees and acknowledges that he is responsible to make full restitution to the victims of his offense conduct pursuant to 18 U.S.C §§ 2259, 3663, and 3663A. Additionally, the Defendant agrees to pay restitution for the entire scope of his criminal conduct, including but not limited to, all matters included as relevant conduct; this includes payment of restitution to victims in the dismissed counts. The Defendant agrees and acknowledges that such restitution will be calculated during the preparation of the PSR and finally determined by the court at the sentencing hearing and that a requirement to pay restitution for all of the above stated matters will be imposed as part of any final judgment in this matter.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

16. The Defendant agrees that no later than thirty (30) days after the change of plea, the Defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office. This financial disclosure statement is sworn by the Defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

17. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c, and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may

be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

18.    The United States agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

19.    The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

20.    The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

21.    At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this

investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this Agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

22. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

23. The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this Agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

24. Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

a. make all facts known to the Probation Office and to the Court;
b. call witnesses and introduce evidence in support of the Presentence Report;
c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
d. contest and appeal any departure from the appropriate Guideline range; and,
e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

25. The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

26. The United States' agreement to dismiss certain counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the United States' motion to dismiss the agreed counts of the Indictment, the Defendant shall be afforded the right to withdraw his/her plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

27. The parties agree that nothing in this Agreement binds the District Court to:

a. make any specific finding of fact;
b. make any particular application of the Sentencing Guidelines;
c. hand down any specific sentence;
d. accept any stipulation of the parties as contained in this Plea Agreement; and
e. accept this Plea Agreement.

28. The United States and the Defendant acknowledge that the Court has an obligation

to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

29.     The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## ABANDONMENT OF PROPERTY

30.     The Defendant agrees to abandon any interest he may have in the MacBook, model A2141, SN C02DQ03KMD6T, which was seized and retained as evidence pursuant to the search warrant executed in this case. The Defendant further consents to the destruction of the same by the agents or employees of Homeland Security Investigations.

## SPECIAL ASSESSMENT

31.     The Defendant agrees to pay $100.00 as the special assessment in this case.

## ADDITIONAL SPECIAL ASSESSMENTS

32.     The Defendant agrees to pay an additional special assessment of $5,000.00 for the count of conviction involving violations of 18 U.S.C. § 2252A unless the Court finds that the Defendant is indigent. The Defendant also agrees to pay a special assessment of not more than $17,000.00 pursuant to Title 18, United States Code, Section 2259A, unless the Court finds that the Defendant is indigent.

## REPRESENTATIONS BY DEFENDANT

33.     By signing this Plea Agreement, the Defendant acknowledges that:

  a. The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.

  b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.

  c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.

d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

### REPRESENTATIONS BY DEFENSE COUNSEL

34. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

a. Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.

b. Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.

c. Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

### PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

35. The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this _28th_ day of __June__, 2024.

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _____
Devon Still
Assistant U.S. Attorney

_____
Edward Brent Wonnacott
Defendant

_____
Kevin Lammers
Attorney for Defendant